■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE TERRACIANO, Appellant.— Appeal by defendant from a judgment of conviction of the County Court of Chemung County, rendered October 2, 1970, convicting defendant on his plea of guilty to the crimes of criminal possession of a dangerous drug, second degree, and criminally selling a dangerous drug, second degree. Defendant, a pharmacist, owns and operates the Windsor Pharmacy in the Village of Horseheads, New York. On April 14, 1969 an Investigator with the New York State Narcotic Control Bureau came to defendant's store without a warrant in the company of a New York State Police Investigator and advised defendant he was there to conduct an audit of narcotics. Defendant was given the *Miranda* warnings and, after talking with his attorney, made no objection to the audit. As a result of the investigation certain records were obtained and presented to the Grand Jury which returned a 29-count indictment against defendant. A suppression hearing was thereafter held (Code Crim. Pro., § 813-c) and the trial court denied defendant's motion to suppress. Defendant then pleaded guilty to two counts in full satisfaction of the indictment. He was sentenced to an indeterminate term of not more than three years on each count, to run concurrently. The primary contention raised on this appeal is that the search was unlawful and the evidence obtained thereon was illegally seized since it was conducted without a warrant, without defendant's consent and was general in nature. As a licensed pharmacist, defendant was required to keep records of all narcotic drugs and depressant or stimulant drugs received and disposed of by him. (Public Health Law, § 3333, subd. 3; § 3388, subd. 3.) Section 3390 of the Public Health Law provides, in substance, that all agents and representatives of the State Department of Health, which would include a Narcotic Control Bureau Investigator, "shall have access at all times to all orders, prescriptions or records to be kept under this article". There can be no question but that the State has the right to supervise the receipt and sale of drugs. The defendant upon receiving his license agreed to keep the necessary records and have them available for required inspection. (*Matter of McKaba* v. *Board of Regents of Univ. of State of N. Y.*, 30 A D 2d 495, 498.) The Narcotic Investigator was performing a statutory duty which he had an absolute right to do. By the statute this inspection was limited to the narcotic, depressant and stimulant drug records required to be kept by the defendant. It was not, therefore, general in nature as maintained by defendant. This search, in our opinion, was proper and lawful and violated none of defendant's constitutional rights. Consequently, the trial court properly denied defendant's request for a suppression order. (*United States* v. *Biswell*, 406 U. S. 311; *People* v. *Adams*, 36 A D 2d 784.) We have considered the other contentions of defendant and find no merit therein. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Simons and Kane, JJ., concur.